Cowan *v.* Telford.

MARY J. COWAN *v.* G. W. TELFORD, Executor, etc., AND W. G. PAYNE.

CHANCERY PRACTICE AND PLEADINGS. *Sureties. Trustees for creditor. When.* Sureties who have by suit indemnified themselves in part, by sale of their principal's property, are trustees of the creditor *pro tanto*, and will in equity be enjoined from pleading the statute of limitations as to that portion of the debt secured by them.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

I. E. REEVES for complainant.

S. J. KIRKPATRICK and JOHN ALLISON for defendants.

TURNEY, J., delivered the opinion of the court.

In 1865 G. W. Nelson was indebted to Mrs. Cowan by note in the sum of $900. At the same time Jesse Payne, father of W. G., was indebted to Nelson in like sum. Nelson was pressing the collection of the debt due to him, and informed Payne of the existence of the debt due from himself to Mrs. Cowan, and suggested if he (Payne) would get Nelson's note from complainant by substituting another, it would be a satisfactory arrangement for the payment of his debt.

29—VOL. 5.

Upon this suggestion Jesse Payne went to complainant and made the arrangement, by giving to her the note of W. B. Barnes, E. L. Matthes and W. G. Payne. In April, 1870, the sureties to Mrs. Cowan on the last mentioned note filed their bill for the enforcement of a lien on a tract of land held for their indemnity as sureties. The land was decreed to be and was sold. The executor of one of the sureties became the purchaser at the price of $500, the sale was confirmed and the purchaser put in possession. That cause is yet in court undisposed of.

On the 7th of May, 1876, complainant sued at law upon the note given to her in lieu of the Nelson note. The makers plead the statute of limitations. The present bill seeks to enjoin them from relying upon that plea, asks that the suit at law be transferred to the chancery court, that complainant's equities may be enforced, and prays for a decree for the amount of the note, or, if that cannot be, for the amount realized by the securities. To this was a demurrer, assigning two causes:

1. The pendency of the suit at law.

2. The bill does not allege that the fund arising from the sale was ever in the hands of defendants, and the fund is under the control of the court, subject to all just, equitable and proper orders, or for new parties.

The demurrer was properly overruled:

1. Because a court of law cannot adjust and settle the equities presented by complainant's bill. It is clear complainant is entitled to the benefit of any recovery

the sureties may have obtained until the debt for which they are security has been discharged to her.

2. Because the bill was filed with the view of reaching the fund in the control of the court, and to have the proper order made for its disbursement.

The bill may be treated as one asking that complainant be made a party to the proceeding subjecting land to sale for the relief of the secureties of Jesse Payne, to which, in strictness, she should have been an original party defendant.    The decree is affirmed and cause remanded.